UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 3 0 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| GUSTAVO GUTIERREZ, <br> AIRCRAFT HOLDING SOLUTIONS, LLC <br> Plaintiff, <br><br> v. <br><br> CESSNA SERVICE DIRECT, INC., <br> Defendant. | § <br> § <br> § <br> § Cause No. SA-16-CV-00613-OLG <br> § <br> § <br> § |

## ORDER

Before the Court is Plaintiffs' motion to Exclude or Limit the Testimony of Christopher Provencio and William Quinn (docket no. 16), Defendant's response (docket no. 18), and Plaintiff's reply. Docket no. 19. After careful consideration the Court has determined that Plaintiff's Motion be GRANTED in part and DENIED in part for the reasons stated herein.

I. **Background**

This case involves Plaintiff's private jet, a Cessna Mustang. Plaintiff's Aircraft sustained hail damage during the April 12, 2016 hail storm that affected the San Antonio area. Plaintiffs claim Defendant was negligent for failing to prevent damage to Plaintiff's Aircraft. Plaintiff has moved to exclude the testimony of Defendant's experts Mr. Provencio and Mr. Quinn. The Court will address objections as to each expert separately.

II. **Applicable Law**

a. Expert Witness

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Federal courts function as gatekeepers and determine whether expert testimony should be

1

presented to the jury. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993). Whether a proposed expert should be permitted to testify under Rule 702 "is case, and fact, specific." *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006). Thus, the district court retains "'broad latitude' both in deciding how to determine whether an expert's testimony is reliable." *Id (quoting Kumho Tire,* 526 U.S. at 142). "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

    b. Fact Witness

A witness not testifying as an expert may offer testimony in the form of an opinion that doesn't required specialized knowledge. FED. R. EVID. 702. Such testimony must be based on the witness's perception and must be helpful to determining a fact issue. Further a witness may testify only to a matter that she has personal knowledge over as demonstrated by the evidence. FED. R. EVID. 602

### III. Analysis

    a. Mr. Provencio

Christopher Provencio is Defendant's general manager and was disclosed as a fact witness. Plaintiff has objected to Mr. Provencio's opinions about legal issues as improper and inadmissible. Docket no. 16 p. 2. Plaintiff specifically objects to Mr. Provencio offering the following testimony found in Defendant's disclosure statement.

- CESSNA's Service Order, which was signed by Mr. Lee on behalf of Plaintiff, excluded liability for any loss or damage to the aircraft resulting from causes beyond CESSNA's control, such as hail storms.

- CESSNA had no duty contractually, under Texas bailment law, or under other statutory [sic] or common law to take any actions in addition to the action is did take to protects the Aircraft under the circumstances of this case. Docket no. 9-1.

Plaintiff further claims Mr. Provencio is not qualified to render a legal opinion. Plaintiff objects to Mr. Provencio testifying in trial regarding the legal effect of the language contained in the Service Order Agreement signed by Mr. Lee. Plaintiff further argues "[d]espite his testimony, Mr. Provencio conceded that he has "no qualifications as far as education or training to give an opinion about the law." Provencio Dep. 48:24–49:2, Feb. 8, 2017, Docket no. 16 Exh. C. To the extent Mr. Provencio intends to testify regarding legal interpretation of the content or effect of "Defendant's Service Order" Plaintiff's motion is GRANTED. Mr. Provencio may not testify or provide his opinion on his perceived legal duties and liability of the parties under the Service Agreement. However, Mr. Provencio will be permitted to testify regarding the nature of hangar operations and other relevant fields of knowledge.

    b. <u>Mr. Quinn</u>

Defendant has retained Mr. Quinn as an expert on damages. Plaintiff has objected to Mr. Quinn's testimony regarding liability. Some of the testimony Plaintiff objects to Mr. Quinn's making statements regarding liability. Plaintiff has particularly objected to the following statements:

> "[M]ost MROs have language in their service or work order documentation that specifically excludes any diminution of value claims.
> MRO work order documentation is generally very clear about this and in the case of this particular Incident, the Client's work order, which was executed by an agent of the Owner, specifically advised that it shall not be liable for "causes beyond its control".

Plaintiff concedes—and Defendant agrees—Mr. Quinn will offer no legal opinions at trial. Docket no 16 p. 5. Therefore, Plaintiff's objections—by their own motion—are baseless. However, to the extent Mr. Quinn intends to testify regarding legal interpretation of the content or effect of "Defendant's Service Order" Plaintiff's motion is GRANTED.

## IV. Conclusion

It is therefore ORDERED that Defendants' motion (docket no. 16) is GRANTED in part and DENIED in part. Defendants' motion is GRANTED to the extent Mr. Provencio and Mr. Quinn intend to testify as trial regarding the legal effect of the language contained in the Service Order Agreement or any other legal conclusion pursuant to FED. R. EVID. 702. *United States v. Fogg*, 652 F.2d 551, 557 (5th Cir.1981). Defendants' motion is in all other aspects DENIED.

IT IS SO ORDERED.

SIGNED this 20 day of June, 2017.

**ORLANDO L. GARCIA**
**CHIEF UNITED STATES DISTRICT JUDGE**